# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:08-cr-00428-W

| | |
|---|---|
| GEMINI COATING, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE REALTY ASSOCIATES FUND V, L.P., )<br>TRINITY PARTNERS, LLC, DEVELOPER )<br>SUPPORT SERVICES CORPORATION )<br>d/b/a DSS CORPORATION, MIND'S EYE )<br>ARCHITECTURE, INC., and OPTIMA )<br>ENGINEERING, P.A., )<br>)<br>Defendants. )<br>) | ORDER |

THE MATTER is before the Court *sua sponte* as to the motion for abstention filed by Defendant The Realty Associates Fund V, L.P. (Doc. No. 28) and the memorandum of law in support of the motion (Doc. No. 29). Upon initial review, the Court immediately noted defense counsel's failure to adhere to the Court's Initial Scheduling Order (see 3:07-mc-47 (Doc. No. 2)), which sets forth the requirements for, among other things, motions practice before this Court. Specifically, the accompanying memorandum of law fails to adhere to Section 3(b)(iii), which begins on page three (3) and provides:

> Every preliminary motion shall be made in writing and include, or be accompanied by, a brief statement of the factual and legal grounds on which the motion is based. **A memorandum of law shall always state the "Bottom Line Up Front"** – that is, the introductory paragraph(s) shall: (i) identify with particularity each issue in dispute; (ii) concisely (i.e., in one or two sentences) state why the party should prevail on the issue, directing the Court's attention to what the party believes to be the controlling legal authority or critical fact in contention; and (iii) if applicable, state the remedy or relief sought.

(Emphasis added).

IT IS THEREFORE ORDERED that the memorandum of law in support of the Motion for Abstention (Doc. No. 29) is hereby **STRICKEN**. Defendant The Realty Associates Fund V, L.P., shall file a memorandum of law that is compliant with the Court's standing orders no later than **noon on Wednesday, November 5, 2008.** Failure to comply with the Court's standing orders may result in summary denial of the motion. Responses to the motion shall be due no later than November 24, 2008, which is the first business day following the two additional days the Court will allow for a response in light of the additional time permitted herein for the movant to comply with the Court's rules. Furthermore, counsel for all parties are reminded to familiarize themselves with the Court's Initial Scheduling Order and the Court's other standings orders governing civil cases.

IT IS SO ORDERED.

Signed: November 4, 2008

Frank D. Whitney
United States District Judge