# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:08-cv-00428-W

| | |
|---|---|
| GEMINI COATING, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE REALTY ASSOCIATES FUND V, )<br>L.P., TRINITY PARTNERS, LLC, )<br>DEVELOPER SUPPORT SERVICES )<br>CORPORATION d/b/a DSS )<br>CORPORATION, MIND'S EYE )<br>ARCHITECTURE, INC., and OPTIMA )<br>ENGINEERING, P.A., )<br>)<br>Defendants. )<br>) | ORDER |

THE MATTER is before the Court on the Motion for Abstention (Doc. No. 28) filed by The Realty Associates Fund V, L.P. ("Fund V") on November 3, 2008. The motion has been fully briefed by these two parties (Docs. Nos. 31, 37) and is now ripe for disposition. The Court notes that none of the other Defendants have joined in Fund V's motion nor have they separately moved for similar relief. For the reasons that follow, the motion is DENIED.

Plaintiff, as tenant, and Defendant Fund V, as the landlord, entered into a Standard Industrial Lease and Addendum to the Lease (collectively, the "Lease") in November 2007. The Lease required Plaintiff to comply with all applicable laws, ordinances, permits and other regulations related to Plaintiff's use of the premises. The Lease also provided that Fund V was to perform certain improvements on the premises, which was performed by the other named defendants. On June 4, 2008, the premises failed an electrical use permit inspection performed by Mecklenburg County Code Enforcement ("MCCE"). The parties dispute the reasons why the inspection failed and

blame the other party as the reasons for such failure. Notably, the complaint does not assert that the permit should have been issued, but instead, alleges that Defendants' actions, collectively, led to Plaintiff's failure to obtain a use permit for the premises.

Fund V argues that Plaintiff's complaint raises the sole issue of whether Plaintiff was properly denied the permit, an issue that concerns Plaintiff and the MCCE and can only be resolved through issuance of a permit by the County. As such, according to Fund V, the nexus of Plaintiff's claims is grounded in state and county use and occupancy laws and regulations, thus demonstrating that this Court should abstain from disrupting such regulatory scheme under the doctrine set forth in Burford v. Sun Oil Co., 319 U.S. 315 (1943), and explained in Quackenbush v. All State Ins. Co., 517 U.S. 706 (1996). Plaintiff, on the other hand, objects to this characterization of the relief sought and specifically states that it is not seeking the issuance of a use permit so that it may use the subject premises. Instead, Plaintiff denies that the issues raised in the complaint have anything to do with the technical basis for MCCE's denial of the use permit, but contends that its complaint seeks damages arising out of breach of contract and negligence, as well as declaratory relief. Thus, Plaintiff contends that the Burford abstention doctrine is inapplicable to this matter.

Abstention is extraordinary relief to be granted in exceptional cases. The Supreme Court has explained that "Burford allows a federal court to dismiss a case only if it presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, or if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Quackenbush, 517 U.S. at 726-27 (citations omitted). Here, the Court is unconvinced that either of these two situations exist under any reading of the allegations of the complaint.

First, the issues arising out of the complaint do not present difficult questions of state law bearing on policy problems. The complaint states causes of action for breach of contract and negligence and also seeks a declaratory judgment that the Lease is void as a result of Defendants' actions. State law governing these claims is well-settled, and nothing appears from the face of the complaint to raise policy issues pertaining to regulations governing use permits. Second, the complaint does not make any claims such that resolution in this Court would disrupt any state policies related to a substantial public concern. Indeed, the complaint does not suggest that the use permit was improperly denied, nor does the complaint question the regulatory scheme, policies, or regulations implored by Mecklenburg County and the MCCE. A favorable ruling on the merits for either Plaintiff or Defendants would have no impact on the established regulatory scheme for building use permits. Accordingly, Fund V's motion is denied.

IT IS THEREFORE ORDERED that the Motion for Abstention (Doc. No. 28) filed by The Realty Associates Fund V, L.P., is DENIED. The parties are directed to refer to the Court's Initial Scheduling Order and **submit the Certificate of Initial Attorney FRCP 26(f) Conference Form (3:07-mc-47 (Doc. No. 2)) within fourteen (14) calendar days** from entry of this Order. Furthermore, pursuant to the Order issued in the companion case of 3:08-cv-593 (Doc. No. 3), Plaintiff shall make reasonable inquiries to ascertain the citizenship of the defendants and shall notify the Court if at any time it appears that diversity jurisdiction is in doubt.

IT IS SO ORDERED.

Signed: January 8, 2009

Frank D. Whitney
United States District Judge